# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Southern Division

| | | |
|---|---|---|
| UNITED STATES, | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-14-174 |
| SEEDY BOUYA GAYE, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Seedy Bouya Gaye is serving a 60-month sentence in Federal Correctional Complex-Allenwood, near Allenwood, Pennsylvania, following his April 2016 conviction in this Court on federal firearm charges. He received this sentence on the heels of two prior convictions in state court. Each of those convictions resulted in a jail sentence that Gaye has since completed. Now, with only his federal sentence left to serve, Gaye asks this Court to "clarify" the amount of time he may be credited with having served on his federal sentence. Mot. for Clarification, ECF No. 78. His *pro se* motion argues, in brief, that he was in the "constructive custody" of the U.S. government during an earlier period of incarceration and that this warrants an adjustment of his time-served credit on the federal sentence. *Id.*

I interpret this motion as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (stating that, because a "claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself," judicial review "must be sought under 28 U.S.C. § 2241"); *United States v. Mercado*, 37 F. App'x 698, 699 (4th Cir. 2002) (per curiam). Section 2241 grants "broad authority" to federal

courts to hear applications for writs of habeas corpus, *Timms v. Johns*, 627 F.3d 525, 530 (4th Cir. 2010), but only "within their respective jurisdictions," 28 U.S.C. § 2241(a); *see Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). In *Rumsfeld v. Padilla*, the Supreme Court stated that a habeas petitioner who "seeks to challenge his present physical custody" under § 2241 must file his or her petition "in the district of confinement." 542 U.S. at 447; *see Miller*, 871 F.2d at 490 ("Judicial review must be sought under 28 U.S.C. § 2241 in the district of confinement rather than in the sentencing court.").

Gaye is confined in Pennsylvania. That being the case, this Court does not have jurisdiction over his § 2241 habeas request and must dismiss the petition. The dismissal is without prejudice, leaving Gaye free to refile his petition in the appropriate court. Should he wish to take that step, I would remind him that federal courts generally require a prisoner to exhaust available administrative remedies before seeking relief under § 2241. *See Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996).

## ORDER

Accordingly, it is hereby ORDERED that:

1. Petitioner Seedy Bouya Gaye's petition for a writ of habeas corpus, styled as a "Motion for Clarification," Mot., ECF No. 78, is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

2. The Clerk SHALL MAIL a copy of this Order to Defendant via certified or registered mail.

Date: September 28, 2018

_/S/_ 10/1/2018

Paul W. Grimm
United States District Judge